

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

Nos. 06-16-00009-CR, 06-16-00010-CR.
06-16-00011-CR, 06-16-00012-CR, and
06-16-00013-CR

_____

STANTON WAYNE YATES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court Nos. 1525082, 1525083,
1525085, 1525086, and 1525084

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Stanton Wayne Yates, appellant, was convicted of four counts of engaging in organized criminal activity, for which he received four life sentences, and one count of burglary of a habitation, for which he received a sentence of twenty years' imprisonment. All five of Yates' sentences were run concurrently. Yates' notice of appeal was timely filed on January 19, 2016. The clerk's record was filed February 25, 2016, and the reporter's record was filed March 14, 2016, making appellant's brief originally due April 14, 2016. This Court extended the briefing deadline by thirty days on the motion of Yates' appointed appellate counsel, Martin E. Braddy, making appellant's brief due May 16, 2016. Counsel then filed a second motion seeking an additional thirty-day extension of the briefing deadline, which the Court also granted, making appellant's brief due June 15, 2016. Counsel's third motion sought an additional ten-day extension, which the Court also granted, but with a warning to counsel that no more extensions of the briefing deadline would be granted absent extraordinary circumstances. Rather than filing the brief on June 27, counsel filed a fourth motion seeking an additional seven-day extension of the briefing deadline. Although contrary to our typical practice, this Court conditionally granted counsel's fourth motion for an extension and instructed our clerk's office to file the brief if received within the requested seven-day extension. To date, however, no brief has been filed.

Consequently, we abate this case to the trial court pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure for a hearing to determine, preliminarily, (1) whether Yates remains indigent, (2) whether he still desires to prosecute his appeal, (3) why counsel has not completed and filed Yates' appellate brief in more than the 110 days he has had to do so, (4) whether the brief

2

can be promptly filed with this Court, and (5) if so, when this Court can realistically expect to receive Yates' brief. *See* TEX. R. APP. P. 38.8(b)(2). The hearing is to be conducted within fifteen days of the date of this order. The trial court may also address other matters as it deems appropriate, including appointing different counsel for appellant, if necessary.

The trial court's findings and recommendations on the issues set forth above shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. *See* TEX. R. APP. P. 38.8(b)(3). The reporter's record of the hearing shall also be filed with this Court in the form of a supplemental reporter's record within fifteen days of the date of the hearing. *See id.*

All appellate timetables are stayed and will resume on our receipt of (1) the appellant's brief or (2) the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date: July 8, 2016

3